

# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>JASON R BROWN | Case Number: 2231-CC00852 |
|---|---|
| Plaintiff/Petitioner:<br>KELLY CASTOR<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NICKOLAS WILLIAM ALLEN<br>901 EAST ST LOUIS STREET<br>SUITE 1200<br>SPRINGFIELD, MO 65806 |
| Defendant/Respondent:<br>CITY OF SPRINGFIELD MISSOURI | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** CITY OF SPRINGFIELD MISSOURI
**Alias:**

SERVE: ANDREW LEAR
840 N BOONVILLE AVE
SPRINGFIELD, MO 65802

**COURT SEAL OF GREENE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____8/22/2022_____  _____/s/Thomas R. Barr by kj_____
Date  Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____  _____
Printed Name of Sheriff or Server  Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____  _____
Date  Notary Public

**Sheriff's Fees, if applicable**
Summons         $_____
Non Est         $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $   10.00
Mileage         $_____ (_____ miles @ $._____ per mile)
Total           $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* Document ID # 22-SMCC-1793 1 of 1 (2231-CC00852)    Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:22-cv-03260-WBG   Document 1-4   Filed 10/07/22   Page 1 of 15

# IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| **KELLY CASTOR,** | |
| Plaintiff, | |
| vs. | Case No. |
| **CITY OF SPRINGFIELD, MISSOURI,** | |
| Serve: | |
| Ken McClure<br>840 N. Boonville Ave<br>Springfield, MO 65802 | |
| Heather Hardinger<br>840 N. Boonville Ave<br>Springfield, MO 65802 | |
| Craig Hosmer<br>840 N. Boonville Ave<br>Springfield, MO 65802 | |
| Andrew Lear<br>840 N. Boonville Ave<br>Springfield, MO 65802 | |
| Richard Ollis<br>840 N. Boonville Ave<br>Springfield, MO 65802 | |
| Monica Horton<br>840 N. Boonville Ave<br>Springfield, MO 65802 | |
| Abe McGull<br>840 N. Boonville Ave<br>Springfield, MO 65802 | |
| Mike Schilling<br>840 N. Boonville Ave<br>Springfield, MO 65802 | |
| Defendants. | |

## PETITION

**COMES NOW**, Plaintiff, Kelly Castor, through counsel, Nickolas W. Allen of Douglas, Haun & Heidemann, P.C. and for her Petition states:

1. Plaintiff is an individual domiciled in Missouri.

2. Defendant Springfield (the "City") is a municipality incorporated under the laws of the State of Missouri and is subject to this court's jurisdiction.

3. At all times pertinent to this Petition, Defendant Springfield operated, supervised, controlled, and managed the Department of Environmental Services for Springfield, Missouri.

4. Plaintiff is a female against whom the City discriminated in refusing to hire her based on her sex. Plaintiff brings her claims pursuant to 42 U.S.C. 2000(e) et seq., Title VII of the Civil Rights Act of 1964, as amended, and RSMo. § 213.010, et seq., the Missouri Human Rights Act, as amended.

5. Defendant is a municipality which, at all relevant times, employed in excess of 2000 employees.

6. At all relevant times, Plaintiff had a Class C Wastewater Operators license.

7. On or about September 3, 2021, Plaintiff applied with the City to work in the Department of Environmental Services as an Operator Trainee in the Southwest Treatment Plant.

8. The City had posted this open position online.

9. Plaintiff met all of the minimum requirements for the posting.

10. The City failed and refused to hire Plaintiff and, instead, hired a male who was not qualified for the position, or, in the alternative, was less qualified for the position than Plaintiff, in that the male hired did not possess a wastewater operator's license.

11. On or about October 28, 2021, Plaintiff applied for an Operator II position posted online by the City.

12. Plaintiff met all of the minimum requirements for the posting.

13. The City failed and refused to hire Plaintiff and, again, hired a male for the position who had the same or similar qualifications as Plaintiff.

14. The City failed and refused to hire Plaintiff because she is female.

15. In the Department of Environmental Services, the City discriminates against the hiring of females for wastewater operations because those in charge of hiring and firing in this department consider women to be weaker and less capable of performing the requirements of wastewater operator.

16. However, Plaintiff is qualified—holding a class C operator's license with several years of experience at other treatment plants.

17. The City's alleged reasons for failing to hire Plaintiff are pretextual and illegitimate in that the City does not have any legitimate business purpose, business judgment, or legitimate non-discriminatory policy which would preclude the hiring of Plaintiff as a wastewater operator.

18. The City claims to have refused to hire Plaintiff because she was in a relationship with a current wastewater operator who ***might have been*** responsible for supervising Plaintiff if the supervisor was off of work. However, Plaintiff's boyfriend would not have been directly responsible for supervising Plaintiff in the normal day-to-day operations of positions Plaintiff applied to.

19. However, the alleged official policy is not recorded anywhere in the City's records. In fact, the City's official policy directly contradicts its application to Plaintiff. The City's official policy manual provides as follows:

RULE 11 – EMPLOYEE CONDUCT AND RELATIONS
. . .
***11.4 Relatives***

> Without specific approval by the City Manager, no person shall be employed, promoted, or transferred to a department or agency of the City or division or section thereof, when as a result he or she would be working permanently with, supervising or receiving supervision from a member of his/her immediate family.
>
> Immediate family in this connection shall be considered to mean an employee's spouse, child, mother, father, mother-in-law, father-in-law, brother, sister, brother-in-law, sister-in-law, son-in-law, daughter-in-law.

20. As Plaintiff did not meet the definition of "Immediate family" as defined by the City's own policy, the City's pretextual reason for refusing to hire Plaintiff fails to support its decision.

21. Alternatively, if the City does in fact have an official policy precluding the hiring of an individual who is in a romantic relationship with a current employee, this policy disproportionately impacts women in the Department of Environmental Services at the Southwest Treatment Facility in that the City employs a majority of male employees at this facility.

22. As a direct and proximate result of the City's discrimination, Plaintiff has suffered substantial damages including loss of income, loss of future income, reduced earning potential, emotional pain, suffering and distress, and embarrassment.

23. Plaintiff has incurred and will continue to incur attorney's fees and expenses and court costs in pursuing her claims and protecting her rights under state and federal law. Plaintiff specifically seeks an award of costs and fees.

24. On or about November 22, 2021, Plaintiff filed her charge of discrimination with the MCHR and the EEOC.

25. On or about May 26, 2022, the MCHR issued Plaintiff her right to sue letter.

26. On or about August 10, 2022, the Department of Justice issued Plaintiff her right to sue letter.

27. Plaintiff's right to sue letters are filed herewith as Exhibit A.

28. Plaintiff's claims are timely filed.

## COUNT I – VIOLATION OF 42 U.S.C. 2000(E) ET SEQ., TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – SEX DISCRIMINATION

29. Plaintiff incorporates the preceding paragraphs as if set out fully herein.

30. Plaintiff is a member of a protected class based on her gender (female).

31. Defendant intentionally engaged in unlawful employment practices by discriminating against Plaintiff in refusing to hire her based upon her sex in violation of 42 U.S.C. 2000(e) et seq., Title VII of the Civil Rights Act of 1964, as amended, by practices, acts and omissions, as set out above.

32. Defendant had a policy, practice, and procedure of engaging in a systematic course of discrimination which resulted in discrimination against Plaintiff.

33. In addition to Defendant's affirmative discriminatory conduct, Defendant allowed and adopted the discriminatory conduct of those responsible for making the hiring decisions as to Plaintiff, in that Plaintiff reported the discriminatory conduct to Defendant, but Defendant failed and refused to correct or otherwise put a stop to the discriminatory behavior.

34. Defendant disparately treated Plaintiff by discriminating against her based on her sex and instead of hiring her for positions she qualified for, hired male employees who were either less qualified than her or had the same or similar qualifications as her.

35. Defendant's had official policies which were discriminatory either on their face or in their practice and disparately impacted Plaintiff based on her gender.

36. Defendant's proffered reasons for not hiring Plaintiff are not legitimate and were pretextual for the purpose of discriminating against Plaintiff based on her sex.

37. Plaintiff's gender was the motivating factor in Defendant's refusal to hire her.

38. No legitimate, non-pretextual reason exists to justify Defendant's refusal to hire Plaintiff.

39. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered:

   a. Personal injury in the form of embarrassment, humiliation, emotional pain and suffering;

   b. Vocational-professional losses in the form of lost past and future wages, diminished earning potential, and diminished career potential.

40. As a further direct and proximate result of Defendant's unlawful acts, Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, damages, lost wages, and benefits and her reasonable attorney's fees incurred herein, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e), et seq.

41. The discrimination described above was intentional, willful, wanton, malicious, and/or outrageous because of Defendant's evil motive and/or intentional disregard for Plaintiff's rights thus entitling Plaintiff to exemplary damages.

**WHEREFORE**, Plaintiff prays this Court enter its order against Defendant and awarding Plaintiff:

   a. A permanent injunction enjoining Defendant, its officers, agents, employees, successors, assignees, and all persons acting in concert or participating with Defendant, from engaging in any employment practice which discriminates against persons because of gender;

   b. Judgment in an amount allowed by law for Plaintiff's actual and exemplary damages;

   c. Plaintiff's costs and expenses of this action, including reasonable attorney's fees; and

d. Such other relief as the Court deems just and proper.

## COUNT II – VIOLATION OF § 213.010, ET SEQ. THE MISSOURI HUMAN RIGHTS ACT – SEX DISCRIMINATION

42. Plaintiff incorporates the preceding paragraphs as if set out fully herein.

43. Plaintiff is a member of a protected class based on her gender (female).

44. Defendant intentionally engaged in unlawful employment practices by discriminating against Plaintiff in refusing to her hire based upon her sex in violation of the Missouri Human Rights Act ("MHRA"), by practices, acts, and omissions, as set out above.

45. Defendant had a policy, practice, and procedure of engaging in a systematic course of discrimination which resulted in discrimination against Plaintiff.

46. In addition to Defendant's affirmative discriminatory conduct, Defendant allowed and adopted the discriminatory conduct of those responsible for making the hiring decisions as to Plaintiff, in that Plaintiff reported the discriminatory conduct to Defendant, but Defendant failed and refused to correct or otherwise put a stop to the discriminatory behavior.

47. Defendant disparately treated Plaintiff by discriminating against her based on her sex and instead of hiring her for positions she qualified for, hired male employees who were either less qualified than her or had the same or similar qualifications as her.

48. Defendant's had official policies which were discriminatory either on their face or in their practice and disparately impacted Plaintiff based on her gender.

49. Defendant's proffered reasons for not hiring Plaintiff are not legitimate and were pretextual for the purpose of discriminating against Plaintiff based on her sex.

50. Plaintiff's gender was the motivating factor in Defendant's refusal to hire her.

51. No legitimate, non-pretextual reason exists to justify Defendant's refusal to hire Plaintiff.

52. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered:

   a. Personal injury in the form of embarrassment, humiliation, emotional pain and suffering;

   b. Vocational-professional losses in the form of lost past and future wages, diminished earning potential, and diminished career potential.

53. As a further direct and proximate result of Defendant's unlawful acts, Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, damages, lost wages, and benefits and her reasonable attorney's fees incurred herein, pursuant to the provisions of MHRA.

54. The discrimination described above was intentional, willful, wanton, malicious, and/or outrageous because of Defendant's evil motive and/or intentional disregard for Plaintiff's rights thus entitling Plaintiff to exemplary damages.

**WHEREFORE**, Plaintiff prays this Court enter its order against Defendant and awarding Plaintiff:

   e. A permanent injunction enjoining Defendant, its officers, agents, employees, successors and assignees, and all persons acting in concert or participating with Defendant, from engaging in any employment practice which discriminates against persons because of gender;

   f. Judgment in an amount allowed by law for Plaintiff's actual and exemplary damages;

   g. Plaintiff's costs and expenses of this action, including reasonable attorney's fees; and

   h. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

55. Plaintiff requests a trial by jury on all issues so triable.

                **DOUGLAS, HAUN & HEIDEMANN, P.C.**
                901 E. St. Louis St., Suite 1200
                Springfield MO 65806
                Telephone: (417) 887-4949
                Fax: (417) 887-8618
                nick@dhhlawfirm.com

                By    /s/ Nickolas W. Allen
                          Nickolas W. Allen
                          Missouri Bar No. 69582
                          Attorney for Plaintiff

DHH No. 29170-001

Electronically Filed - Greene - August 15, 2022 - 11:01 AM

# EXHIBIT A



**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANNA S. HUI | DEREK M. HOLLAND | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

Kelly Castor
3653 Old Stone Avenue, Apt. 203
Brookline, MO 65619
*Via Complainant Attorney Email*

## NOTICE OF RIGHT TO SUE

RE: Kelly Castor vs. CITY OF SPRINGFIELD
E-11/21-53489  28E-2022-00211

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

*/s/ Alisa Warren/*

Alisa Warren, Ph.D.
Executive Director

May 26, 2022
Date

C:  additional contacts listed on next page

| ☒ | ☐ | ☐ | ☐ |
|---|---|---|---|
| JEFFERSON CITY OFFICE | ST. LOUIS OFFICE | KANSAS CITY OFFICE | SIKESTON OFFICE |
| 421 E. DUNKLIN STREET | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1129 | 106 ARTHUR STREET, SUITE D |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | JEFFERSON CITY, 65102-1129 | SIKESTON, MO 63801-5454 |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 816-889-3582 | FAX: 573-472-5321 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | |
| FAX: 573-751-2905 | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY: 1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights   E-Mail: mchr@labor.mo.gov



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
COMMISSION ON HUMAN RIGHTS
## CHARGE OF DISCRIMINATION

Enter Charge Number
☐ FEPA E-11/21-53489
☐ EEOC 98E-2022-00211C

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

| Missouri Commission on Human Rights and EEOC |||
|---|---|---|
| Name (Indicate Mr., Ms., or Mrs.)<br>Ms. Kelly Castor | Date of Birth<br>7/9/1969 | Home Telephone No. (Include Area Code)<br>(417) 714-0600 |
| Street Address<br>3653 Old Stone Ave., Apt. 203 | City, State and Zip Code<br>Brookline, MO 65619 | County<br>Greene |

**Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship, Committee, State or Local Government Agency who discriminated against me (if more than one list below).**

| Name<br>City of Springfield | No. of Employees/Members<br>>1000 | Telephone No. (Include Area Code)<br>(417) 864-1000 |
|---|---|---|
| Street Address<br>840 Boonville Ave. | City, State and Zip Code<br>Springfield, MO 65802 | |
| Name | No. of Employees/Members | Telephone No. (Include Area Code) |
| Street Address | City, State and Zip Code | |

Cause of Discrimination based on (Check appropriate box(es))
☐ Race   ☐ Color   ☒ Sex
☐ National Origin   ☐ Religion   ☐ Age
☐ Disability   ☐ Retaliation   ☐ Other (Specify)

Date Discrimination took Place (Month, Day, Year)
November 8, 2021
☐ Continuing Action

The Particulars Are (If additional space is needed, attach extra sheet(s)):

I applied for a position with the City of Springfield at the southwest sewage treatment facility as an operator. I first applied for a position as an Operator Trainee on September 3, 2021 and for a position as an Operator II on October 28, 2021. I was qualified for both positions and able to perform the jobs. The jobs were advertised as paying $32,000-$52,000 per year.

On November 8, 2021 I received a call from Steve Anderson from the city's HR department. He said that I would not be interviewed for the positions because I am in a relationship with another employee of the wastewater treatment plant. To my knowledge, there is no rule against dating or being in a relationship with another employee of the city. I know of male employees who are allowed to work despite being in a relationship with a coworker.

The only other applicant for the job was a man who did not possess the qualifications for the position as advertised. Both positions require at least a class D wastewater operator license, and I have a class C. The male employee hired for the position did not have any license, and had previously failed the license test twice.

I believe that I was denied employment with the city because of my sex, female, and am requesting damages, including lost wages, emotional distress, attorney fees, punitive damages, costs, and such other relief as is just and proper.

☒ I want this charge filed with both the EEOC and the Missouri Commission on Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

_____    _____
Charging Party (Signature)           Date

NOTARY -- (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

X_____
Signature of Complainant

Subscribed and sworn to before me this date (Day, month and Year)

MCHR-27 (4-99) AI

EEOC FORM 131-A (11/09)

# U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| | PERSON FILING CHARGE |
| CITY OF SPRINGFIELD<br>840 Boonville Avenue<br>Springfield, MO 65802 | **Kelly Castor** |
| | THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**28E-2022-00211** |
| | FEPA CHARGE NO.<br>**E-11/21-53489** |

**NOTICE OF CHARGE OF DISCRIMINATION** IN JURISDICTION WHERE A FEP AGENCY WILL INITIALLY PROCESS
*(See the enclosed for additional information)*

THIS IS NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[X] Title VII of the Civil Rights Act (Title VII)    [ ] The Equal Pay Act (EPA)    [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)    [ ] The Genetic Information Nondiscrimination Act (GINA)

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____
                                                      *(FEP Agency)*

[X] The **Missouri Commission On Human Rights** and sent to EEOC for dual filing purposes.
              *(FEP Agency)*

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII, ADA or GINA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named Agency. For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

Enclosure(s): Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[ ] Race    [ ] Color    [X] Sex    [ ] Religion    [ ] National Origin    [ ] Age    [ ] Disability    [ ] Retaliation    [ ] Genetic Information    [ ] Other

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| December 2, 2021 | Lloyd J. Vasquez, Jr.,<br>District Director | |



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

August 10, 2022

Ms. Kelly Castor
c/o Raymond Lampert, Esquire
Lampert Law
2847 S. Ingram Mill Road
Suite A-100
Springfield, MO 65804

Re: EEOC Charge Against City of Springfield
No. 28E202200211

Dear Ms. Castor:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC St. Louis District Office, St Louis, MO.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by      /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: St. Louis District Office, EEOC
    City of Springfield